IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM HALEY, JR.,                )
                                   )
              Plaintiff,            )
                                   )
      v.                           )      Civil Action No. 26-36-CFC-SRF
                                   )
JOHN DOE 1-50 and JANE DOE 1-50,   )
                                   )
              Defendants.          )

## REPORT AND RECOMMENDATION

Plaintiff William Haley, Jr. ("Plaintiff"), who proceeds *pro se* and was granted leave to

proceed *in forma pauperis*, filed the present lawsuit based on federal question jurisdiction under

28 U.S.C. § 1331. (D.I. 1)  The court proceeds to review and screen the matter pursuant to 28

U.S.C. §§ 1915(e).[1]  For the reasons set forth below, I recommend that the case be DISMISSED

with prejudice.

## I.      BACKGROUND

The following facts are taken from the complaint and are assumed to be true for purposes

of screening the complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir.

2008).  Plaintiff, a resident of New York, alleges violations of 42 U.S.C. § 1983 relating to a

New York family court custody proceeding against unidentified John Doe defendants.  (D.I. 2 at

1)  Plaintiff acknowledges that he previously brought two civil actions in the Western District of

New York pertaining to these events: C.A. No. 1:25-cv-9534 and C.A. No. 6:25-cv-6361.  (*Id.*)

Plaintiff cites "a continuous pattern of obstruction, retaliation, and denial of parental rights by

---

[1] "The screening procedures established by § 1915(e) apply to complaints filed by prisoners as well as to non-prisoner in forma pauperis cases." *Atamian v. Gentile*, C.A. No. 06-183-SLR, 2006 WL 3075774, at *2 (D. Del. Sept. 25, 2006) (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 331-33 (5th Cir. 2002)).

multiple actors, including private parties, business associates, and state or local officials, which has resulted in significant deprivation of Plaintiff's relationship with his minor child[.]" (*Id.*)

## II.     LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

## III.     DISCUSSION

Plaintiff makes no colorable argument that venue is proper in the District of Delaware. *See Emrit v. Special Agent in Charge of FBI Field Office in S.D.N.Y.*, C.A. No. 22-1572-MN, 2023 WL 3816697, at *2 (D. Del. June 5, 2023); *Hooli v. Mitcham*, C.A. No. 21-702-RGA, 2022

2

WL 611250, at *2 (D. Del. Jan. 31, 2022).  Under 28 U.S.C. § 1391(b), a civil action may be

brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Venue is improper because Plaintiff has not shown that any of the John

Doe defendants reside or are likely to reside in Delaware.  The individuals mentioned by name in

the complaint appear to work and/or reside in New York.  (D.I. 2 at 1)  Moreover, the events

giving rise to Plaintiff's claims occurred in New York, as opposed to Delaware.  Plaintiff

acknowledges that "[t]his complaint is filed in this jurisdiction outside New York State because

the plaintiff has exhausted available remedies in New York courts, where systemic obstruction,

failure to act on emergency filings, and coordinated manipulation of court processes have

prevented relief[.]" (*Id.*)  Plaintiff's dissatisfaction with the procedures in New York courts does

not provide a basis for proper venue in this court.

Consequently, I recommend that the court dismiss this case as frivolous under 28 U.S.C.

§ 1915(e)(2)(B)(i).  Amendment would be futile.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form

set forth below:

3

## ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1.      The Report and Recommendation issued on March __, 2026 is **ADOPTED**.

2.      Plaintiff's motion for leave to conduct limited early discovery to identify Doe Defendants is **DENIED** as moot.  (D.I. 7)

3.      Plaintiff's case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: March 17, 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

4